UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No. 07- |
| | : | |
| DOUGLAS F. GREER, | : | |
| | : | VIOLATIONS: 18 U.S.C. §§1347 & 2 |
| | : | (Health Care Fraud); 26 U.S.C. § 7206(1) |
| Defendant. | : | (False Income Tax Return). |

INFORMATION

The United States Attorney informs the Court:

COUNT ONE
(HEALTH CARE FRAUD)

At all times material to this Information:

Introduction

1. Defendant **DOUGLAS F. GREER** is a medical doctor with a practice specialty in ophthalmology. He provides medical services for patients in the District of Columbia and the Commonwealth of Virginia. All insurance claims, however, are prepared and processed in the main office, located at 3301 New Mexico Avenue, N.W., Suite 214, Washington, D.C.

2. Since approximately 1981, defendant **DOUGLAS F. GREER** has been a participating provider in the Medicare Program. Medicare is a federal health care program that provides basic medical coverage for persons age 65 and over and for persons under age 65 who suffer from certain disabilities. The United States funds 100% of Medicare, which is administered by the United States Department of Health and Human Services. Between 1999 and 2002, defendant **DOUGLAS F. GREER** claimed to have provided medically necessary services to 429 Medicare

beneficiaries.

3. Medicare uses a "fee schedule" to determine the amount it will pay for medically necessary services (called the "allowable"). Medicare pays 80% of the fee schedule amount and the patient is responsible for paying the remaining 20% (also known as "co-payment"). Medicare beneficiaries can obtain private secondary insurance to cover these co-payment amounts or they must pay the co-payments out of their personal funds.

4. In addition to Medicare, defendant **DOUGLAS F. GREER** submitted claims for patients whose medically necessary services were covered under the Federal Employees Health Benefits Program (FEHBP), a federally-funded health benefit program for some twelve million federal employees, retirees and their dependents. The United States Office of Personnel Management is the federal agency responsible for contracting with third party insurers to administer health benefits to its members. Defendant **DOUGLAS F. GREER** received payments under FEHBP from the following third party insurers: Aetna, Blue Cross Blue Shield, Mail Handlers Benefit Program, GEHA, and National Association of Letter Carriers. Defendant **DOUGLAS F. GREER** also submitted claims to Aetna, Cigna, Guardian and United Health Care (hereinafter "other insurance plans") for patients whose medically necessary services were covered by third party carriers other than those administered under FEHBP. Between 1999 and 2002, defendant **DOUGLAS F. GREER** claimed to have provided medically necessary services to approximately 778 subscribers of these various insurance programs.

5. Medicare, FEHBP and the other insurance plans are considered health care benefit programs as defined by 18 U.S.C. §§ 24(b) and 1347 because they are either a public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to

any individual, and includes any individual or entity who is providing medical benefit, item, or service for which payment may be made under the plan or contract.

### The Scheme

6. Beginning in or about January 1999 and continuing until in or about December 2002, defendant **DOUGLAS F. GREER**, in the District of Columbia and elsewhere, knowingly and willfully planned and executed a scheme or artifice to defraud health care benefit programs, namely, Medicare, Aetna, Blue Cross Blue Shield, Cigna, GEHA, Guardian, Mail Handlers Benefit Program, National Association of Letter Carriers and United Health Care, and to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of these health care benefit programs, in connection with the delivery of or payment for health care benefits, items or services, that is $1,011,467, through the submission of false and fraudulent claims.

### Purpose of the Scheme and Artifice

7. It was the purpose of the scheme and artifice to defraud that defendant **DOUGLAS F. GREER** would fraudulently obtain money for services which had not been rendered or were not medically necessary.

### Manner and Means of the Scheme

8. It was part of the scheme that defendant **DOUGLAS F. GREER** would and did bill for services that were not rendered.

9. It was further part of the scheme that defendant **DOUGLAS F. GREER** would and did bill for services that were not performed in the manner, and to the extent, he sought payment.

10. It was further part of the scheme that defendant **DOUGLAS F. GREER** would and

did bill for services that were not medically necessary.

11.     It was further part of the scheme that defendant **DOUGLAS F. GREER** would and did submit claims for reimbursement, falsely stating that certain procedures should be compensated separately because they were unrelated to one another.

12.     It was further part of the scheme that defendant **DOUGLAS F. GREER** would and did submit claims for post-operative return visits of patients, fraudulently representing these examinations, diagnostic testing and surgical procedures should be compensated separately because they were unrelated to the original surgery.

13.     It was further part of the scheme that defendant **DOUGLAS F. GREER** would and did schedule patient office visits at a far greater frequency than medically necessary.

14.     It was further part of the scheme that defendant **DOUGLAS F. GREER** would and did alter medical and surgical charts in an effort to cover up his fraudulent billing practices and the performance of medically unnecessary diagnostic and surgical procedures.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT TWO
### (FILING FALSE TAX RETURN)

15.     On or about April 15, 2002, in the District of Columbia and elsewhere, defendant **DOUGLAS F. GREER** did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the tax year 2001, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1040 for the tax year 2001, defendant **DOUGLAS F. GREER** did not believe to be true and correct as to every material matter, in that the said Form 1040 for the tax year 2001 falsely stated that his total taxable income was $647,656, and that the total tax due and owing thereon was $225,650,

whereas, as he then well knew and believed, his total income and tax liability was greater than the amounts reported, in that, during 2001, defendant **DOUGLAS F. GREER** had received other income of approximately $66,736, which he had failed to report on his 2001 Form 1040.

All in violation of Title 26, United States Code, Sections 7206(1).

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
SUSAN B. MENZER
Assistant United States Attorney
D.C. Bar # 421007
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-6968