


U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

April 19, 2007

John N. Nassikas III, Esquire
Arent Fox
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339

**FILED**

**MAY 0 3 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

      Re:    Douglas Greer, MD
                CR 07-95-01

Dear Mr. Nassikas:

      This letter sets forth the full and complete plea offer to your client, Dr. Douglas Greer. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1.  **Charges:** Dr. Greer agrees to waive Indictment and to plead guilty to one count of health care fraud, in violation of 18 U.S.C. Section 1347, and one count of filing a false tax return, in violation of 26 U.S.C. Section 7206(1). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Dr. Greer and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Dr. Greer agrees that the attached "Statement of the Offense" fairly and accurately describes Dr. Greer's actions and involvement in the health care and tax fraud schemes. It is anticipated that during the Rule 11 plea hearing, Dr. Greer will adopt and sign the Statement of the Offense as a written proffer of evidence.

      2.  **Potential penalties, assessments, and restitution:** Dr. Greer understands that the maximum sentence that can be imposed on the health care conviction is 10 years imprisonment, a fine a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 5 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Dr. Greer further understands that the maximum sentence that can be imposed on the false return conviction is 3 years imprisonment, a fine of $100,000, and a 1 year term of supervised release.

      Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines. Dr. Greer also understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the

Court will impose. Dr. Greer further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Dr. Greer's right to appeal an unlawful sentence.

   3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

  **Health Care Fraud**
  §2B1.1

| | | |
|---|---|---|
| (a) | Base Offense Level | 6 |
| (b) | Specific Offense Characteristics | |
| | (1)(H) Loss more of more than $1,000,000 | 16 |
| | **TOTAL OFFENSE LEVEL** | **22** |

  **Tax Fraud**
  §2T1.1

| | | |
|---|---|---|
| (a) | Base Offense Level | |
| | (1) Tax Loss greater $80,000 | 16 |
| | **TOTAL OFFENSE LEVEL** | **16** |

Dr. Greer understands that the Government will seek a 2 level adjusted to his offense level for the health care fraud conviction pursuant to U.S.S.G. § 3B1.3 for his abuse of a position of trust and/or use of a special skill. Dr. Greer also understands that the government will argue that Part D of the Sentencing Guidelines dictates that these two offenses should <u>not</u> be grouped together for sentencing purposes and an additional offense level should be added to the health care calculation since it is considered the more serious offense. Accordingly, the government will argue that the total offense level should be 25. Your client, however, may argue at sentencing that the § 3B1.3 enhancement does not apply and the offenses should be grouped together.

  Your client agrees not to seek any downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

   4. **Financial Arrangements:** Dr. Greer agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to pay restitution in the amount of $1,011,467. The government will distribute the funds in the appropriate amount to Medicare and the insurance carriers listed in the Statement of Offense. Dr.

Greer also agrees to pay restitution to the Internal Revenue Service in the amount of $141,411 and to the District of Columbia Office of Tax and Revenue in the amount of $46,576. If he has not done so by the time of the plea, Dr. Greer will provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    5. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Dr. Greer's criminal activities. In addition, Dr. Greer acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

    6. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

    7. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

    8. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Dr. Greer's release pending sentencing, agrees not to oppose a §3E1.1 Adjustment 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Dr. Greer's voluntary surrender to commence serving any sentence which is imposed, provided that Dr. Greer continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Dr. Greer in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the health care or tax fraud outlined in the attached Statement of Offense. This agreement not to prosecute Dr. Greer does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Dr. Greer. Finally, the government agrees not to bring any charges against Annette Greer in the United States District Court for the District of Columbia or the Superior Court for the District of Columbia for the conduct outlined in the Statement of Offense.

9. **Court is not bound:** Dr. Greer understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Breach of Agreement:** Dr. Greer agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Dr. Greer's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Dr. Greer will not have the right to withdraw the guilty plea; (c) Dr. Greer shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Dr. Greer, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

11. Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Dr. Greer knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

12. <u>USAO's Criminal Division Bound</u>: Dr. Greer understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia ~ *and the US Dept. of Justice, Tax Division* Dr. Greer and the Civil Division of this Office are entering into a separate settlement agreement regarding any civil claims relating to his fraudulent conduct.

13. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Dr. Greer, Dr. Greer's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Dr. Greer may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Dr. Greer and his counsel.

Sincerely yours,

*[signature]*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*
SUSAN B. MENZER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, John Nassikas, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5/3/07

*[signature]*
DOUGLAS F. GREER
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5/3/07

*[signature]*
JOHN N. NASSIKAS III., Esquire
Attorney for the Defendant